**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| UNITED STATES OF AMERICA,            )<br>                                                              )<br>                    Plaintiff,             )<br>                                                              )<br> vs.                                                      )<br>                                                              )<br>DERRICK ESTELL,                              )<br>                                                              )<br>                    Defendants.        )<br>_____)   | Case No.: 2:13-cr-00185-KJD-VCF<br><br>**ORDER**<br><br>**Motion to Re-Open Detention Hearing - #66** |

This matter is before the Court on Defendant's Motion to Re-Open Detention Hearing (#66), filed on April 30, 2014. The Government filed its Response to Defendant's Motion (#68) on May 7, 2014.

**BACKGROUND AND DISCUSSION**

Defendant Derrick Estell is currently charged in the Second Superceding Indictment (#51) with conspiracy to interfere with commerce by robbery in violation of 18 U.S.C. § 1951, interference with commerce by robbery in violation of 18 U.S.C. § 1951, and brandishing a firearm during a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A)(ii). Defendant Estell initially appeared in court and was arraigned on the Superceding Indictment (#24) on October 17, 2013. *See Minutes of Proceedings (#27)*. The Government moved to detain Defendant Estell pending trial as both a substantial risk of nonappearance and danger to the community. The Government's motion to detain was based on the charges against the Defendant which involved his alleged participation in armed robberies and his conspiring with the co-defendant to commit those and other robberies. The Government also based its motion on Defendant's extensive prior criminal history which included a 1995 felony conviction for attempted burglary, a 2010 felony conviction

for arson, misdemeanor convictions, parole and probation violations, failures to appear, and outstanding misdemeanor warrants.

Based on the advice of counsel, Defendant did not interview with pretrial services. The Defendant, through counsel, did not argue the issue of detention during the hearing on October 17, 2013, but instead submitted to detention. The Court was not provided with information regarding Defendant's residential history or family ties in this or any other community. The Court was also not provided with information regarding the Defendant's physical or mental health or whether he uses illegal controlled substances, or abuses alcohol. Defendant's criminal history record, however, showed prior misdemeanor arrests and convictions for possession of controlled substances, and driving under the influence of alcohol. Based on the foregoing, the Court ordered that Defendant Estell be detained pending trial as a both a substantial risk of nonappearance and danger to the community. *Order of Detention (#37).*

Defendant now moves the Court to re-open the issue of detention on the grounds that he does have substantial residential and family ties in Clark County, Nevada and that he has a prior history of gainful employment through the Laborer's Union. Defendant also states that he has undergone substance abuse counseling or treatment while in custody and will abide by conditions of pretrial supervision if released pending trial.

18 U.S.C. § 3142(f)(2)(B) states that the detention hearing "may be reopened, before or after a determination by the judicial officer, at any time before trial if the judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community." Courts have interpreted this provision strictly, holding that a detention hearing should not be reopened if the information was available at the time of the initial hearing. *United States v. Ward*, 63 F.Supp.2d 1203, 1206-07 (C.D.Cal. 1999); *United States v. Dillon*, 938 F.2d 1412, 1415 (1st Cir. 1991); and *United States v. Hare*, 873 F.2d 796 (5th Cir. 1989). *See also United States v. Wittenmyer*, 2001 WL 96840, *3 (D.Kan. 2001).

. . .

Here, with the possible exception of information relating to substance abuse counseling or treatment while in custody, Defendant Estell has not submitted any new information that was not known or available to him prior to or at the time of the detention hearing on October 17, 2013. Defendant, on the advice of counsel, chose not to interview with Pretrial Services or to argue the issue of detention at the hearing. He has failed to make the requisite showing of new information, not previously available to him, which would justify reopening the issue of detention. Furthermore, the additional information that Defendant offers in support of his motion would not justify a decision to grant pretrial release in view of the charges against Defendant which involve alleged crimes of violence, and in view of his prior criminal record, which also supports both a finding that he is a substantial risk of nonappearance and a danger to the community. Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion to Re-Open Detention Hearing (#66) is **denied**.

DATED this 12th day of May, 2014.

_____
GEORGE FOLEY, JR.
United States Magistrate Judge