UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br>v.<br><br>DERRICK ESTELL,<br><br>Defendant. | Case No. 2:13-cr-00185-MMD-VCF-2<br><br>ORDER |

**I.   INTRODUCTION**

Before the Court is Defendant Derrick Estell's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody ("Motion"). (ECF No. 250.) The Court ordered the government to respond and permitted Estell to file a reply. (ECF Nos. 252, 253, 254.) Estell also filed a motion for appointment of counsel. (ECF No. 251.) For the reasons discussed herein, the Court grants in part and denies in part Estell's Motion and further finds that appointment of counsel is not warranted here.

**II.   RELEVANT BACKGROUND**

On September 23, 2014, Estell pled guilty to four counts: (1) conspiracy to commit Hobbs Act robbery under 18 U.S.C. 1951 (Count 1); (2) brandishing a firearm during and in relation to a crime of violence—that crime being the Hobbs Act conspiracy charged in Count 1 (Count 2); and (3) Hobbs Act robbery (Counts 7, 9). (ECF Nos. 51, 80, 81.) On September 22, 2016, the Court sentenced Estell to 46 months on Counts 1, 7 and 9, and

///

///

84 months on Count 2, to be served consecutive to the other three counts, resulting in a total sentence of 130 months.[1] (ECF Nos. 222, 223.)

In the interim, on June 26, 2015, the Supreme Court in *Johnson v. United States, v. United States*, 135 S. Ct. 2551 (2015), struck down the residual clause of the Armed Career Criminal Act ("ACC") as unconstitutionally vague. Even more pertinent to Estell's claim is that on April 17, 2018, the Supreme Court found the residual clause of 18 U.S.C. § 16(b) to be unconstitutionally vague. *Sessions v. Dimaya,* 138 S. Ct. 1204 (2018). That residual clause is identical to the residual clause in § 924(c). *Compare* 18 U.S.C. § 16(b) with 18 U.S.C. § 924(c)(3)(B).

On June 12, 2017, Estell filed his Motion, challenging his conviction on Count 2 on four grounds: (1) conspiracy to commit Hobbs Act robbery is not a crime of violence under § 924(c)(3)(A) pursuant to *Johnson*; (2) § 924(c)(3)(B)'s residual clause is void under *Johnson*; (3) Estell's habeas challenge does not violate the terms of his plea agreement; and (4) counsel was ineffective for failing to challenge Estell's conviction of Count 2. (ECF No. 250 at 4-8.)

## III. DISCUSSION

The government asserts two waiver arguments—that Estell entered an unconditional plea without challenging the factual basis of the § 924(c) charge and waived his right to collaterally challenge his conviction under § 2255 under the plea agreement's waiver provision. (ECF No. 253 at 2-4.) Estell counters that his waiver cannot be knowing and voluntary when his conviction of Count 2 is illegal. (ECF No. 254 at 3-4.) Estell has the better of the argument. Because *Johnson* (and *Dimaya*) had not been decided when Estell signed his plea agreement, he could not have knowingly waived his right to challenge his conviction under *Johnson*. *United States v. Evans*, No. 2:12-CR-00072-APG-CWH-1, 2017 WL 3337261, at *1 (D. Nev. Aug. 3, 2017).

---

[1]Because of the delay in proceedings relating to his co-defendant, Estell's sentencing hearing did not occur until about two years later on September 22, 2016. (ECF No. 222.)

1    Next, the government argues that Estell procedurally defaulted on his claim by failing to raise it on direct appeal. (ECF No. 253 at 6-8.) Estell's Motion is based on *Johnson*, but *Dimaya* was not decided at the time he filed his Motion, and his Motion would have been easily resolved had it been filed after *Dimaya*. Estell's Motion was filed within one year from the Supreme Court's declaration of a new substantive rule in *Dimaya*. *See Welch v. United States,* 136 S. Ct. 1257, 1265 (2016) (holding that by finding the residual clause in the ACC void for vagueness, *Johnson* declared a new substantive rule and has retroactive effect in cases on collateral challenges to a federal conviction). Thus, Estell is not procedurally barred from asserting his habeas claims. *See United States v. Ebron*, No. 2:12–CR–00072–APG–CWH–2, 2017 WL 3337260, at *2 (D. Nev. Aug. 3, 2017); *United States v. Hunter*, 2:12–CR–00132–JAD–CWH–1, 2017 WL 3159985, at *2 (D. Nev. July 25, 2017).

   Finally, the government argues that *Johnson* does not invalidate the residual clause in 18 U.S.C. § 924(c) because *Johnson* does not call into question other statutes like § 924(c)(3)(B) which contains the phrase "substantial risk." (ECF No. 253 at 9-10.) The government did not have the benefit of *Dimaya* when it filed its brief. There is no question that the identical residual clause in § 924(c) cannot withstand constitutional challenge in light of *Dimaya*'s declaration that the identically worded residual clause in §16(b) is void for vagueness.

   The statute that forms the predicate offense underlying Estell's § 924(c) conviction in Count 2—18 U.S.C. § 924(c)(3)(B)—is unconstitutional. Because conspiracy to commit Hobbs Act robbery (Count 1) is not a crime of violence, Estell could not be convicted of the offense in Count 2—brandishing a firearm during and in relation to a crime of violence. Accordingly, Estell's conviction and sentence for Count 2 will be vacated. However, because the Court considered the mandatory minimum sentence in Count 2 in imposing

///

///

///

3

sentence in Counts 1, 7 and 9, the Court will set a resentencing hearing to determine the appropriate sentence for these remaining counts.[2]

## IV. CONCLUSION

The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion or reconsideration as they do not affect the outcome of the Motion.

It is therefore ordered that Darrick Estell's Motion to Vacate (ECF No. 250) is granted in part and denied in part. It is granted with respect to Estell's request to vacate his sentence in Count 2, but it is denied with respect to his request to resentence him to 46 months on the remaining counts. The Court vacates Estell's conviction of Count 2 and his sentence of 84 months as to Count 2. The Court will set a resentencing hearing to determine the appropriate sentence as to Counts 1, 7 and 9. The Court will reappoint Estell's former counsel, Todd Leventhal, to represent Estell at this resentencing hearing.[3]

It is further ordered that Estell's motion for appointment of counsel to represent him in his § 2255 proceedings (ECF No. 251) is denied.

DATED THIS 18th day of July 2018.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE

---

[2]The United States Sentencing Guidelines provides a range of 70-87 months for each of these three counts.

[3]While Estell asserts a claim of ineffective assistance of counsel, the Court has not addressed that claim. There does not appear to be a conflict in reappointing Mr. Leventhal to represent Estell.